HARDIMAN, Circuit Judge,
concurring.
I join the Majority’s thoughtful and comprehensive opinion in every respect save one: because I agree with the Majority that the phrase “involved in” as used in 18 U.S.C. § 924(d)(1) is unambiguous, I do not believe recourse to legislative history is necessary or proper.
When interpreting a statute, it has long been accepted that courts should only examine legislative history when the statutory text is ambiguous or otherwise unclear. See Ex Parte Collett, 337 U.S. 55, 61, 69 S.Ct. 944, 93 L.Ed. 1207 (1949). If the text is clear and unambiguous, our inquiry ends. BedRoc Ltd. v. United States, 541 U.S. 176, 183, 186, 124 S.Ct. 1587, 158 L.Ed.2d 338 (2004); Hay Group, Inc. v. E.B.S. Acquisition Corp., 360 F.3d 404, 406 (3d Cir.2004). Moreover, we have observed that reliance on legislative history “is to be avoided whenever possible due to the inherent unreliability of using legislative history as a basis for ascertaining legislative intent.” Roe v. Casey, 623 F.2d 829, 842 (3d Cir.1980).
Here, after a convincing analysis of the text of § 924(d)(1), the Majority quite rightly concludes that the plain meaning of the phrase “involved in” authorizes the forfeiture of Cheeseman’s firearms. Maj. Op. Typescript at 277. In rejecting Cheeseman’s request that we apply the rule of lenity, the Majority states: “Nor is the phrase ‘involved in’ ambiguous.” Id. at 279. Despite this conclusion, the Majority expounds upon the legislative histories of the Gun Control Act and the Firearm Owners Protection Act to buttress its textual interpretation of § 924(d)(1). Id. at 278-80. At least six of the sitting Justices of the Supreme Court have counseled against this approach. See, e.g., Boyle v. United States, — U.S. -, -, 129 S.Ct. 2237, 2246, 173 L.Ed.2d 1265 (2009) (Alito, J.) (“Because the statutory language is clear, there is no need to reach petitioner’s remaining arguments based on ... legislative history....”); Zedner v. United States, 547 U.S. 489, 509-10, 126 S.Ct. 1976, 164 L.Ed.2d 749 (2006) (Scalia, J., concurring in part and concurring in the judgment) (“Here, the Court looks to legislative history even *286 though the remainder of its opinion amply establishes that the [statute] is unambiguous ... Use of legislative history in this context ... conflicts ... with this Court’s repeated statements that when the language of the statute is plain, legislative history is irrelevant.”); Circuit City Stores, Inc. v. Adams, 532 U.S. 105, 119, 121 S.Ct. 1302, 149 L.Ed.2d 234 (2001) (Kennedy, J.) (“As the conclusion we reach today is directed by the text of [the statute], we need not assess ... legislative history....”); Ratzlaf v. United States, 510 U.S. 135, 147-48, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994) (Ginsburg, J.) (“[W]e do not resort to legislative history to cloud a statutory text that is clear.”); Connecticut Nat. Bank v. Germain, 503 U.S. 249, 253-54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992) (Thomas, J.) (“When the words of a statute are unambiguous, ... [the] judicial inquiry is complete.”) (internal quotation marks omitted); see also William L. Rudkin Testamentary Trust v. Comm’r, 467 F.3d 149, 152 (2d Cir.2006) (Sotomayor, J.) (quoting Toibb v. Radloff, 501 U.S. 157, 162, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991)) (“ ‘[Although a court appropriately may refer to a statute’s legislative history to resolve statutory ambiguity, there is no need to do so’ if the statutory language is clear.”).
For the foregoing reasons, I do not join that portion of the Court’s opinion that delves into legislative history.